# NEWELL v. ORLEANS DREDGING CO., INC.

———

(April 29, 1929. Opinion and Decree.)
(May 27, 1929. Rehearing Refused.)

———

R. O. Vorbusch, of New Orleans, attorney for plaintiff, appellant.

J. C. Henriques and Frank T. Doyle, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. Plaintiff, employed as a fireman on a dredge-boat, brings this suit against his employers under the compensation law, alleging that on June 7, 1927, he was severely injured by falling against a cross-beam supporting the superstructure of the dredge-boat "Hercules," "striking himself on various parts of the body, but with greater force and more particularly the center of his back and spinal column and in the immediate vicinity of his shoulder blades on either side thereof."

Defendant admits that the plaintiff was injured in the manner alleged in his petition, but claims his disability due to the injury did not exceed two weeks, for which he has been paid compensation and that, consequently, no further compensation is due.

Plaintiff was twice admitted to the Marine Hospital. The records of that institution show that, when first admitted on October 20, 1927, he was suffering from a "contusion of back cause trauma, dental caries and salivary calculus of teeth." He was discharged on November 23, 1927, and re-admitted on March 17, 1928. At the time of his re-admission he was troubled with "neuritis, multiple, left leg, left foot, left hand, cause and variety undetermined." He was discharged the second time on May 15, 1928.

It is the contention of plaintiff's counsel that the neuritis, with which plaintiff was affected upon the occasion of his second entry into the hospital, was attributable to the original injury to his back. This contention finds no support in the record. The evidence is to the contrary. Three physicians testify that neuritis, which is an inflammation of the nerve, is not caused by trauma.

The trial judge was of the opinion that plaintiff had been sufficiently compensated for his injury and, accordingly, rendered judgment for defendant, dismissing plaintiff's suit.

We believe this judgment to be correct and it is therefore affirmed.